**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) SHIRLEY DIONE WEBSTER )<br>(2) DWAYNE MARVIN GARRET )<br>)<br>)<br>     Plaintiffs,                              )<br>)<br>          v.                                        )<br>)<br>(1) WILLIAM BARR,                       )<br>(2) JIM FELTE,                              )<br>(3) GREGORY FRIZZELL,             )<br>(4) MICHAEL GANS,                      )<br>(5) SCOTT S. HARRIS,                   )<br>(6) JACOB LEVITAN,                     )<br>)<br>     Defendants.                             ) | Case No. 20-cv-00225-JED-JFJ<br><br>Removed from Tulsa County District<br>Court Case No. CJ-2020-1446 |

**<u>DEFENDANTS' MOTION TO DISMISS & BRIEF IN SUPPORT</u>**

The United States of America, on behalf of William Barr, Jim Felte, Gregory Frizzell, Michael Gans, Scott S. Harris, and Jacob Levitan (collectively "Defendants"), by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Rachael F. Zintgraff, Assistant United States Attorney, moves to dismiss Plaintiffs' Petition. Defendants include federal officials and officers of the federal courts, and the United States removed the Petition from Tulsa County District Court to this Court pursuant to 28 U.S.C. § 1442. The Petition should be dismissed for the following reasons: (1) Plaintiffs' action is barred by absolute judicial immunity; (2) Plaintiffs fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) as there is no private right of action for any of the federal criminal statutes recited in Plaintiffs' Petition, Plaintiffs fail to allege a plausible claim under the Wild and Scenic Rivers Act ("WSRA"), and any amendment to Plaintiffs' frivolous Petition would be futile; and (3) Plaintiffs'

action is barred by claim preclusion.[1]  For these reasons, as discussed further below, Plaintiffs' Petition should be dismissed with prejudice.

## BRIEF IN SUPPORT

## INTRODUCTION

This case is one of the many *pro se* actions brought by Plaintiffs, who have each filed several actions in both state and federal courts.  Filing restrictions have been imposed in this Court against both Plaintiffs, which is presumably why they filed the instant case in Tulsa County District Court.  (*See* Order, November 13, 2000, p. 3-4, attached as Exhibit 1; General Order, May 29, 2018, attached as Exhibit 2).  Most recently, Plaintiffs filed an action in Tulsa County District Court against the United States, William Barr, Jim Felte, Michael Gans,[2] and other federal judges and defendants.  The United States removed the case to this Court and filed a motion to dismiss, which was granted on February 4, 2020.  (Opinion and Order, attached as Exhibit 3).  In the Opinion and Order dismissing Plaintiffs' previous case, the Court outlined some of the abusive litigation filed by Plaintiffs in this Court, the Western District of Arkansas, the Eastern District of Texas, and the Northern District of Texas.  *Id.* at 2-3.  The Court dismissed Plaintiffs' Petition for lack of subject matter jurisdiction, judicial immunity, and failure to state a claim upon which relief can be granted, and the Court *sua sponte* dismissed the non-federal defendants for Plaintiffs' failure to state a plausible claim.  *Id.* at 4-8.  Plaintiffs filed an objection to the motion to dismiss, which was construed as a motion to reconsider by the Court and was denied.  Notably, Judge

---

[1] Although the time to properly serve Defendants has not yet expired, Defendants note that Plaintiffs have failed to properly serve Defendants under Fed. R. Civ. P. 4(i).

[2] Jim Felte is the Chief of the Criminal Section of the Civil Rights Division of the Department of Justice, and Michael Gans is the Court Clerk for the Eighth Circuit Court of Appeals.

Gregory Frizzell — a named defendant in the instant case — was the assigned judge in Plaintiffs' previous case.

As with Plaintiffs' previous actions, the instant Petition should be dismissed for several reasons. First, the claims against the Defendants Judge Gregory Frizzell, Michael Gans, Scott S. Harris, Clerk of the U.S. Supreme Court, and Jacob Levitan, Case Analyst for the U.S. Supreme Court, are barred by the doctrine of absolute judicial immunity. Further, the Petition fails to state a claim upon which relief can be granted. The federal criminal statutes in Title 18 of the United States Code do not provide a private right of action Plaintiffs fail to allege a plausible claim under the WSRA. Any amendment to the Petition could not cure these defects. Plaintiffs also fail to satisfy Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought[.]" Rather than provide a short and plain statement of their claims, Plaintiffs filed a Petition that is incoherent and nonsensical. Finally, Plaintiffs' Petition is barred by claim preclusion as it appears to involve some of the same parties and issues as Plaintiffs' recently dismissed case. For these reasons, the Court should dismiss Plaintiffs' Petition with prejudice.

## ARGUMENTS & AUTHORITIES

### A. Plaintiffs' Action is Barred by Absolute Judicial Immunity.

The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The doctrine is founded upon "a general principle of the highest importance to the proper administration of justice[: i.e.,] that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* (citation omitted). "[I]mmunity which

derives from judicial immunity may extend to persons other than a judge where performance of judicial acts . . . is involved . . . . [A]bsolute judicial immunity has been extended to non-judicial officers where their duties had an integral relationship with the judicial process." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (internal quotation marks omitted). Thus, "those performing ministerial acts at the direction of a judge are also entitled to absolute immunity." *Id.* at 869 (citations omitted); *see also Valdez v. City and Cnty. of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989) ("[T]he Supreme Court has recognized not only the absolute civil immunity of judges for conduct within their judicial domain, but also the 'quasi-judicial' civil immunity of prosecutors, grand jurors, witnesses, and agency officials, for acts intertwined with the judicial process.") (internal citations omitted).

There are two exceptions to the doctrine of absolute judicial immunity: "actions taken outside the judicial capacity; and actions taken in the 'complete absence of all jurisdiction.'" *Edge v. Payne*, 342 Fed. App'x 395, 399 (10th Cir. 2009) (quoting *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008)). The U.S. Supreme Court has noted "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Judges are protected by absolute immunity for acts undertaken in the course of their judicial functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Further, the U.S. Supreme Court has acknowledged the importance in protecting judges from "vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). The Court has also noted that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption

of motive." *Id.* at 227 (citation omitted).

Here, Defendants Judge Gregory Frizzell, Court Clerk of the Eighth Circuit Court of Appeals Michael Gans, Court Clerk of the U.S. Supreme Court Scott S. Harris, and Case Analyst for the U.S. Supreme Court Jacob Levitan are protected by absolute judicial immunity. While the Petition is difficult to understand, the allegations against these Defendants appear to be based on acts undertaken in the course of their judicial functions given that Judge Gregory Frizzell dismissed Plaintiffs' previous lawsuit naming some of the same defendants. (*See* Ex. 3). As noted in Judge Frizzell's Opinion and Order, even when construed liberally, Plaintiffs' previous allegations against Michael Gans "came from Gans's case-related activities rather than physical harm imposed on Mr. Garrett." *Id.* at 5. Similarly, Plaintiffs' allegations against Scott S. Harris and Jacob Levitan appear to be predicated on the duties of their positions at the U.S. Supreme Court as Plaintiffs allege Defendants Harris and Levitan "[w]orking in concert" with Defendant Gans. (Petition, ¶3). These Defendants appear to be named in Plaintiffs' Petition simply because they have dealt with Plaintiffs' other frivolous filings. Considering these dealings were in Defendants' judicial capacity and Plaintiffs do not allege any valid basis for an exception to judicial immunity, the Petition is barred by absolute judicial immunity.

### B. Plaintiffs' Petition Fails to State a Claim under Fed. R. Civ. P. 12(b)(6) and is Frivolous.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint is plausible if there are sufficient facts to allow 'the court to draw the reasonable inference the defendant is liable for the misconduct alleged.'" *Diaz v. United*

*States Attorney Gen.*, 669 Fed. App'x 949 (10th Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 678). The complaint must therefore present factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Generally, the sufficiency of a complaint must rest on the contents of the complaint alone, but the court may consider "matters of which the court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand"). The Federal Rules of Civil Procedure require a complaint to include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3).

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the generous construction given to *pro se* plaintiffs "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Here, Plaintiffs' Petition merely recites incoherent allegations, two federal criminal statutes, 18 U.S.C. §§ 1344 and 1964(b), Amendments 1, 5, 7, and 11 of the U.S. Constitution, and the WSRA, 16 U.S.C. §§ 1271 *et. seq.*[3] The exhibits to the Petition include several state court

---

3  Plaintiffs also cite two U.S. Supreme Court cases, but it is unclear as to why the cases are cited as neither case supports a claim for relief against Defendants. *See Engquist v. Oregon Dep't of*

filings either involving or filed by Plaintiffs and notices from federal court filings. Plaintiffs, however, simply fail to allege a plausible claim for relief anywhere in the Petition. Moreover, as previously discussed, it is well-settled that the federal criminal statutes do not provide a private right of action to enforce those statutes. *See, e.g.*, *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (claims brought pursuant to sections of criminal code "were properly dismissed because a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."); *Weston v. Weston*, 2008 WL 4058027, at *2 (N.D. Okla. Aug. 26, 2008) ("To the extent that plaintiffs rely on federal criminal statutes to state a civil claim against defendants, these statutes do not create a private right of action.") (citations omitted).

In addition, Rule 8 requires a statement of the grounds for jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). However, Plaintiffs' Petition falls far short of the requirements of Rule 8 and, instead, is a frivolous and incoherent document that wastes judicial resources. *See Giron v. Chase Home Mortgage Finamce, L.L.C.*, 2012 WL 13001851, at *2 (D.N.M. June 13, 2012) (noting that "a frivolous complaint that does not even begin to comply with Rule 8 has resulted in a waste of limited judicial resources"). Moreover, courts frequently dismiss frivolous claims similar to Plaintiffs' Petition. *See, e.g.*, *Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994) (affirming the district court's dismissal of a complaint as frivolous based on the litigant's history of filing frivolous complaints). The Court should therefore dismiss Plaintiffs' frivolous Petition for failure to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6).

---

*Agric.*, 553 U.S. 591 (2008) (holding that the class-of-one theory of equal protection does not apply in the public employment context); *Harrison v. Missouri Pac. R.R.*, 372 U.S. 248 (1963) (reversing state court's grant of a motion for judgment notwithstanding the verdict in a negligence action under the Federal Employers' Liability Act).

Under Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires." However, "the district court may deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) ("Further, "a *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged . . . and allowing him an opportunity to amend his complaint would be futile[.]") (citations omitted).

Here, there is no amendment that would cure the defects in Plaintiffs' Petition as the Petition is just another abusive and frivolous filing in retaliation for Plaintiffs' previous case being dismissed. Thus, the Court should dismiss Plaintiffs' Petition for failure to state a claim without granting leave to amend. *See Salem v. Kansas*, 2015 WL 1886707, at *4 (D. Kan. Apr. 24, 2015) (noting that the plaintiff's complaint included "'unintelligible ramblings'" and "'conclusory allegations without supporting factual averments'" and "that it would be futile to give plaintiff leave to amend his complaint.") (citation omitted).

### C. Plaintiffs' Action is Barred by Claim Preclusion

The claims and/or issues raised in Plaintiffs' Petition are also barred by the doctrine of res judicata. "'Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in the prior action.'" *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) (quoting *Northern Nat. Gas. v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991)). "[C]laim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (citation omitted). "The

fundamental policies underlying the doctrine of res judicata (or claim preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and 'the interest in bringing litigation to an end.'" *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (citation omitted).

In this case, Plaintiffs' Petition includes names William Barr, Jim Felte, and Michael Gans as defendants, who were also named defendants in Plaintiffs' previous case. (*See* Ex. 3). Judge Gregory Frizzell is also a defendant, who was the assigned judge in Plaintiffs' previous case. *See id.* Further, the instant Petition includes nonsensical allegations similar to Plaintiffs' previous petition. This case appears to be a result of Plaintiffs' disapproval and retaliation for Judge Frizzell's dismissal of Plaintiffs' previous case. Given that Plaintiffs' previous case resulted in a final judgment of a dismissal with prejudice and that the instant case includes many of the same parties and issues, Plaintiffs' Petition is barred by claim preclusion.

## CONCLUSION

Plaintiffs' Petition should be dismissed because it is barred by the doctrine of absolute judicial immunity. Further, Plaintiffs fail to state a claim upon which relief can be granted as the federal criminal statutes in Title 18 of the United States Code do not provide a private right of action, and Plaintiffs fail to state any plausible claim under the WRSA. Any amendment to the Petition could not cure these defects. Plaintiffs also fail to satisfy Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought[.]" Rather than provide a short and plain statement of their claim, Plaintiffs filed a Petition that is completely frivolous. Therefore, United States of America, on behalf of William Barr, Jim Felte, Gregory Frizzell, Michael Gans, Scott S. Harris, and Jacob Levitan, respectfully requests that the Court dismiss this action for the reasons discussed herein

and grant any further relief the Court deems just and equitable.

Respectfully submitted,

UNITED STATES OF AMERICA

R. TRENT SHORES
United States Attorney

s/Rachael F. Zintgraff
RACHAEL F. ZINTGRAFF, OBA No. 31597
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2719
F: 918-560-7948
Rachael.Zintgraff@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020, via U.S. Mail and electronic mail, I transmitted the forgoing to the following:

Shirley Dione Webster
P.O. Box 217 HC 61
Lenapah, Oklahoma 74042

Dwayne Marvin Garrett
395241 West 3000 Road
Ochelata, Oklahoma 74051
*Plaintiffs*

s/Michelle Hammock
Michelle Hammock
Paralegal Specialist
