**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHIRLEY DIONE WEBSTER, ) <br> DWAYNE MARVIN GARRETT, ) <br> ) <br> Plaintiffs, ) <br> ) Case No. 20-CV-225-JED-JFJ <br> v. ) <br> ) <br> WILLIAM BARR, ) <br> JIM FELTE, ) <br> GREGORY FRIZZELL, ) <br> MICHAEL GANS, ) <br> SCOTT S. HARRIS, ) <br> JACOB LEVITAN, ) <br> ) <br> Defendants. ) | |

**OPINION AND ORDER**

**I.   Background**

The plaintiffs, acting pro se, initiated this action in state court. They are not strangers to the court system, as they have previously filed numerous suits against judges and other judicial employees, and they have been subjected to filing restrictions in this Court. (*See* Doc. 4-1, 4-2). Some of their recent suits include some of the defendants who are named in this suit. (*See* Case No. 19-CV-595-GKF-FHM, 20-CV-283-CVE-FHM).

In the plaintiffs' pleading, which is titled "Under the Authority of 18 U.S.C. Sec. 1344 Bank Fraud and Criminal Accessory," they allege that Attorney General William Barr, "in concert with" the other defendants, violated the Wild and Scenic River Act, 16 U.S.C. § 1271 et seq. They further allege that all of the defendants except Attorney General Barr "are working out of color of law and out of the Constitutional Amendments 1st, 5th, 7th, and 11th by the reasoning and decision" of *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), and that defendants Gans, Harris, and Levitan are working in concert under 18 U.S.C. § 1964(b) "in

violation of *Harrison v. Missouri Pacific Railroad*, 372 U.S. 248 [(1963)]." (Doc. 2-2). The plaintiffs allege that they have suffered "4 billion dollars in damages," (*id.*), but they have not provided a single factual allegation to support any claim.

The defendants are (1) William Barr, the United States Attorney General, (2) Jim Felte, the Acting Chief of the Criminal Section of the Civil Rights Division of the United States Department of Justice, (3) United States District Judge Gregory Frizzell, (4) Michael Gans, the Court Clerk for the Eighth Circuit Court of Appeals, (5) Scott S. Harris, the Clerk of the United States Supreme Court, and (6) Jacob Levitan, Case Analyst for the United States Supreme Court. The plaintiffs have not provided any facts that relate to any particular actions of any of the defendants.

The United States of America, on behalf of all of the defendants, removed the action to this Court, and the defendants move to dismiss the plaintiffs' claims, based on absolute judicial immunity, a failure to state a claim upon which relief can be granted, and claim preclusion. (Doc. 4). The plaintiffs filed a response titled "OBJECTION OBJECTION OBJECTION," which does not respond to the arguments or authorities in the dismissal motion, but instead lodges more incoherent allegations, including frivolous assertions that the attorney for the defendants in this case has committed crimes by filing the motion to dismiss. (*See* Doc. 5).

**II.    Discussion**

    **A.    Judicial Immunity**

The government contends that Judge Frizzell, Eighth Circuit Court of Appeals Clerk Michael Gans, Supreme Court Clerk Scott S. Harris, and Supreme Court Case Analyst Jacob Levitan are subject to judicial immunity. The Court agrees. "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengernberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Henriksen v. Bentley*, 644 F.2d 852,

855 (10th Cir. 1981)).  In addition, "[i]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved."  *Id.* (quoting *Henriksen*, 644 F.2d at 855).  Absolute immunity has been extended to non-judges where "their duties had an integral relationship with the judicial process." *Id.* (quoting *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987)).  Accordingly, Judge Frizzell has absolute judicial immunity, and Michael Gans, Scott S. Harris, and Jacob Levitan – all of whom are federal judiciary employees – have absolute quasi-judicial immunity.  *See id.* at 867-869 (court clerks and judges had absolute immunity).

      **B.**      **Failure to State a Claim**

The defendants also seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  To survive dismissal for failure to state a claim, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 555-56, 570 (citations omitted).

While the plaintiffs' pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief.  *Ogden v. San Juan County*, 32 F.3d

452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The liberal standard applicable to pro se pleadings does not permit the filing of frivolous or abusive litigation. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

The Court has liberally construed the plaintiffs' pleading in this case. It plainly does not state any plausible claim against any of the defendants. The plaintiffs have provided *no factual allegations*. Their petition merely levels incoherent summary assertions that the defendants violated the law and cites criminal statutes, legislation relating to wild and scenic rivers, amendments to the United States Constitution, and two court decisions that have no apparent application to this case or to the named defendants. The case is subject to dismissal for failure to state a claim. Because the Court has determined that the entire matter should be dismissed, it need not address the defendants' claim preclusion argument.

### III.  Conclusion

The Court finds that this case should be dismissed in its entirety because all of the defendants except for Attorney General William Barr and Jim Felte have judicial or quasi-judicial immunity, and the plaintiffs have failed to state a claim against any of the defendants, including Barr and Felte. The defendants' dismissal motion (Doc. 4) is accordingly **granted**, and plaintiffs' claims are **dismissed**. A separate judgment of dismissal will be entered.

SO ORDERED this 7th day of October, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4